HENRY A. GENTILE *et al.*, Plaintiffs-Appellees, *v.* AVERY WILKINS *et al.*, Defendants-Appellants.

(No. 57586;

First District—November 6, 1972.

Will Gierach, of Gierach & Dunn, of Oak Lawn, for appellants.

Jack M. Siegel, of Chicago, for appellees.

Mr. JUSTICE BURKE delivered the opinion of the court:

This is an appeal by the defendants, members of the Board of Trustees of the Village of Alsip, Illinois, from an interlocutory order granting a temporary injunction to the plaintiffs, Mr. Henry A. Gentile and Mr. Ray-

414

mond L. Termunde. Mr. Termunde is the Village President of Alsip. The injunction restrains the defendants from "* * * interfering with the exercise by Mr. Gentile of his duties as Village Attorney of the Village of Alsip or interfering in any way with the receipt by said Henry A. Gentile of the fees and emoluments due him, and from disbursing or attempting to disburse or authorize the disbursement of funds to any other persons for legal services rendered purportedly as attorney for Village or for contractual legal services * * *."

The facts giving rise to this appeal are as follows. On February 7, 1972, the Board of Trustees passed an ordinance which announced their dissatisfaction with the legal services provided by Mr. Henry A. Gentile and which purported to terminate his employment by the Village and retain as Special Counsel Mr. Will Geirach. Under the terms of the ordinance, Mr. Geirach, a practicing lawyer, was to serve until April 30, 1973, at a monthly retainer of $300. He was to furnish legal services to the Village as needed.

After the Village president vetoed the ordinance, the Board at its next regular meeting on February 22, 1972, unanimously passed the ordinance over the veto.

The plaintiffs filed a verified complaint seeking a declaratory judgment to have the ordinance declared null and void, claiming that the power to appoint or remove the Village Attorney rests by statute in the Village president subject to the advice and consent of the Board. Defendants filed a Motion to Strike the Complaint and plaintiffs filed a Motion For Temporary Injunction. On May 23, 1972, a hearing was held at which no testimony was taken or evidence presented. On June 5, 1972, an order was entered denying defendants' Motion to Strike the Complaint and granting the request for a temporary injunction. From that order the defendants appeal.

■■ The sole question on this appeal is whether the chancellor abused his discretion in granting the temporary injunction. It is well-settled law in Illinois that the trial court has extensive discretionary powers in granting an order for temporary injunction and unless the reviewing court finds that the discretion has been abused the order will not be set aside. *Lonergan v. Crucible Steel Co. of America*, 37 Ill.2d 599, 229 N.E.2d 536.

■■ In resolving the question of abuse of discretion in this case, we consider only the verified complaint, since no answer was filed by the defendants. The well-pleaded allegations of fact must be taken as true for purposes of this appeal. (*Gifford v. Rich*, 58 Ill.App.2d 405, 208 N.E.2d 47; *H. K. H. Development Corp. v. Metropolitan Sanitary Dist. of Greater Chicago*, 47 Ill.App.2d 46, 196 N.E.2d 494.) The complaint

alleges sufficient facts to raise a fair question as to the existence of the plaintiff's rights, establish that the plaintiffs would probably be entitled to the relief sought if their proof supports their allegations, and make it appear advisable that the positions of the parties remain the same pending a hearing on the merits. *H.K.H. Development Corp.*

After examining the allegations of the complaint, we conclude that there was no abuse of discretion. The complaint alleged that Henry A. Gentile was duly appointed, with the advice and consent of the Board of Trustees, to the post of Village Attorney in 1961 by Raymond L. Termunde, who was then and is now, the duly appointed and acting Village President of Alsip. It further alleged that Gentile has been annually reappointed to the post of Village Attorney and has never been removed by the President from the office. It is alleged that the power to appoint various officials of the Village lies in the Village President, with the advice and consent of the Board, and that with this power to appoint goes the power to remove the officials. Next, the complaint alleges that the Board attempted to remove Mr. Gentile as Village Attorney by passing the ordinance in issue here, that the ordinance was vetoed by the Village President, and that the Board repassed the ordinance after veto. Finally, the complaint alleges that the ordinance (a copy of which was attached to the complaint) was invalid because the Board had no power to remove Henry Gentile from the office of Village Attorney. On the strength of these allegations, the chancellor could properly find that the temporary injunction should be ordered.

The defendants raise several issues in their brief and in the Motion to Strike the Complaint. Among them are whether the office of Village Attorney does in fact exist and whether the ordinance as passed discontinued the office if it did exist prior to that time.

▪▪ Rather than settle these issues on an appeal from a temporary injunction order, we leave them to a hearing on the merits of the cause, where both parties may present evidence in support of their respective arguments. As this court stated in *H.K.H. Development Corp.*:

> "The ultimate issues of a controversy are usually not brought before a reviewing court by an interlocutory appeal, but are reserved for the trial. [Citation.] It is not the purpose of a temporary injunction to determine controverted rights or to decide the merits of a case. An interlocutory injunction is granted before the hearing of a case for the purpose of preventing a threatened wrong or the further perpetration of an injury." 47 Ill.App.2d at 53-54, 196 N.E.2d at 498.

We find that the complaint contained allegations of a *prima facie* case

and that the trial court did not err in granting the temporary injunction and denying the defendants' motion. The temporary injunction will not, of course, prevent the defendants from arguing the merits of their case at trial.

The order is affirmed.

Order affirmed.

GOLDBERG, P. J., and LYONS, J., concur.